1 ISMAIL J. RAMSEY (CABN 189820)
United States Attorney
2 MICHELLE LO (NYRN 4325163)
Chief, Civil Division
3 JEVECHIUS D. BERNARDONI (CABN 281892)
Assistant United States Attorney
4 Acting Under Authority Conferred by 28 U.S.C. § 515

5    1301 Clay Street, Suite 340S
   Oakland, California 94612-5217
6    Telephone: (510) 637-3721
   Facsimile: (510) 637-3724
7    jevechius.bernardoni@usdoj.gov

8 Attorneys for the United States of America

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| RYAN BUNDY, *et al.*, | Case No. 2:23-cv-01724-RFB-VCF |
| Plaintiffs, | **THE UNITED STATES OF AMERICA'S REPLY IN SUPPORT OF MOTION TO DISMISS THE FIRST AMENDED COMPLAINT** |
| v. | |
| UNITED STATES OF AMERICA, *et al.*, | |
| Defendants. | |

### I.   Introduction

The First Amended Complaint ("FAC") alleges that every purportedly wrongful act leading to Bundy's and Payne's prosecutions in the Underlying Action occurred under the "direction, guidance, and control" of federal prosecutors. FAC ¶¶ 31 & 55-73. Plaintiffs agree that the United States has not waived sovereign immunity for the intentional conduct of federal prosecutors, but they nevertheless seek to impose liability on the United States for that conduct by refocusing their claims on federal law enforcement officer conduct, all of which was, according to the FAC, directed and controlled by federal prosecutors. But this is an impermissible backdoor attempt to avoid the absolute bar of sovereign immunity for the intentional conduct of federal prosecutors, and it should be rejected. Simply stated, the intentional tort exception to the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2680(h), prevents this

Court from exercising subject matter jurisdiction over any of the claims in this lawsuit, and the lawsuit thus should be dismissed.

In addition, Plaintiffs' Opposition fails to respond substantively to any of the pleading deficiencies identified in the United States' Motion to Dismiss. With respect to the malicious prosecution claim, the Opposition (1) does not discuss the FAC's failure to plead facts to rebut the presumption of independent prosecutorial judgment, (2) relies on an incorrect legal standard for the favorable termination element of a Nevada state law malicious prosecution claim, and (3) fails to demonstrate that Bundy's and Payne's prosecutions were unsupported by probable cause. The Opposition also admits that the intentional infliction of emotional distress claim is deficiently pleaded, and that claim thus must be dismissed. And the derivative loss of consortium claim cannot survive because none of Plaintiffs' other claims can survive. Further, the Opposition does not even address, and therefore concedes, that the constitutional and statutory violation allegations and the demands for attorney's fees and prejudgment interest must be dismissed for lack of jurisdiction because they are not cognizable in an FTCA action. Finally, notwithstanding the fact that they have already amended their claims once, Plaintiffs request leave to amend yet again, but that request should be denied as futile because Plaintiffs' claims are barred by the United States' sovereign immunity.

Plaintiffs' lawsuit fails at both the jurisdictional and pleading levels, and it should be dismissed.

## II.     The Case Should Be Dismissed For Lack Of Subject Matter Jurisdiction Because The Claims Are All Barred By The Intentional Tort Exception To The FTCA

Plaintiffs acknowledge that the United States has not waived sovereign immunity for FTCA claims involving the intentional conduct of federal prosecutors, but they contend that Section 2680(h) does not preclude subject matter jurisdiction over FTCA claims involving intentional law enforcement officer conduct that was directed, guided, or controlled by federal prosecutors.[1]  ECF No. 32 ("Opp.") at 6-8 & 11-12. Plaintiffs cite no case law or legislative history to support their expansive interpretation of

---

[1] The Opposition incorrectly frames the FAC's claims as alleged against law enforcement defendants, on the one hand, and federal prosecutor defendants, on the other hand. *See* Opp. 6 & 11-12. But there is a single defendant in this case: the United States, which is the only proper defendant in an FTCA action. *Hall v. Mueller*, 84 F. App'x 814, 816 (9th Cir. 2003); *Pina v. United States ex rel. United States Postal Serv.*, No. 2:22-cv-01946-ART-VCF, 2023 WL 5717290, at *2 (D. Nev. Sept. 1, 2023).

Section 2680(h). To the contrary, a robust body of law demonstrates that this provision excludes intentional law enforcement officer conduct from the FTCA's waiver of sovereign immunity in cases where the conduct of law enforcement officers is controlled or directed by federal prosecutors. *See, e.g.*, *Davis v. United States*, No. 03-cv-1800, 2004 WL 324880, at *6 (S.D.N.Y. Feb. 18, 2004) (holding "federal prosecutors controlled [the plaintiff's] prosecution from the outset" and dismissing malicious prosecution claim involving allegations of misconduct by a United States customs agent as a result of the intentional tort exception); *Garcia-Valasquez v. United States*, No. 13-cv-1038, 2014 WL 3756378, at *4 (W.D. Tex. July 29, 2014); *Vander Zee v. Reno*, No. 95-50482, 1996 WL 625346, at *4 (5th Cir. Oct. 4, 1996) (rejecting the plaintiff's "attempts to evade the strictures of section 2680(h) by attributing the acts that form the basis of these claims to agents of the Federal Bureau of Investigation"). The Opposition fails to distinguish, or even discuss, those cases, all of which were cited in the United States' Motion. ECF No. 12 ("Mot.") at 9.

Not only is Plaintiff's interpretation of Section 2680(h) contrary to applicable case law, but it also impermissibly intrudes on the United States' sovereign immunity. Here, Plaintiffs seek to avoid the intentional tort exception's sovereign immunity bar by asserting that the actionable conduct was committed by the law enforcement officers, while at the same time alleging that this conduct resulted from federal prosecutors' supervision, direction, and control. Plaintiffs cannot flout Congressional intent to exclude the intentional conduct of federal prosecutors from the waiver of sovereign immunity through this backchannel manner. Simply stated, Section 2680(h) bars all claims against the United States under the facts alleged in the FAC because, as alleged, none of the conduct can be considered *independent* acts of law enforcement officers.[2]

Section 2680(h) implicates the United States' sovereign immunity, and it thus must "'be strictly construed, in terms of its scope, in favor of the sovereign.'" *Vacek v. United States Postal Serv.*, 447 F.3d 1248, 1250 (9th Cir. 2006) (quoting *Dep't of the Army v. Blue Fox, Inc.*, 525 U.S. 255, 261 (1999)).

---

[2] As discussed *infra* Part III.A.1, Plaintiffs claim that certain alleged law enforcement officer conduct from August 2017 occurred independently of the federal prosecutors. However, that alleged conduct is irrelevant because it post-dates Bundy's and Payne's indictments by more than a year. As a result, that alleged post-indictment conduct could not have led to Bundy's and Payne's indictments; they had already been indicted (twice) by the time this purportedly independent conduct occurred.

Section 2680(h) also cannot be interpreted in a manner that would enlarge the scope of the United States' waiver of sovereign immunity. *Zamorano v. Garland*, 2 F.4th 1213, 1225 (9th Cir. 2021) ("[f]ederal courts must scrupulously confine their own jurisdiction to the precise limits which a federal statute has defined" and "cannot overrule Congress's limits on [their] subject-matter jurisdiction"). Here, Plaintiffs' proposed interpretation of Section 2680(h) has that exact result—it would create a backdoor to liability for the intentional conduct of federal prosecutors (through the guise of related law enforcement officer conduct directed by the prosecutors) and thereby nullify the United States' sovereign immunity. Strictly construed, Section 2680(h) cannot prohibit the United States' liability for federal prosecutors' intentional conduct while simultaneously permitting liability for conduct by law enforcement officers that was directed and controlled by those same federal prosecutors. Plaintiffs' interpretation of Section 2680(h) under the alleged facts of this case is inconsistent with the United States' sovereign immunity for the intentional conduct of federal prosecutors, and it should be rejected.

In short, the United States is immune from claims regarding the intentional conduct of federal prosecutors. Accordingly, Section 2680(h) bars the claims in this lawsuit because they are *all* founded upon the intentional conduct of federal prosecutors.

### III. Plaintiffs' Claims Fail To State A Claim Upon Which Relief Can Be Granted

#### A. The Malicious Prosecution Claim Suffers From Multiple Pleading Deficiencies

##### 1. The Presumption Of Independent Prosecutorial Judgment Bars The Malicious Prosecution Claim

It is black letter law that Plaintiffs cannot plead a valid malicious prosecution claim unless they allege facts to rebut the presumption of independent prosecutorial judgment. Mot. at 10-12. Here, the FAC does not meet that pleading burden because it alleges that Bundy's and Payne's prosecutions resulted from federal prosecutors' fully informed decisions, intentional conduct, and independent judgment. *Id.* The Opposition fails to address this deficiency or distinguish any of the case law cited in the United States' Motion, thereby conceding that the malicious prosecution claim is precluded by the presumption of independent prosecutorial judgment. *See Moore v. Ditech Fin., LLC*, No. 16-cv-1602-APG-GWF, 2017 WL 2464437, at *2 (D. Nev. June 7, 2017); *see also Sasiada v. Switch, Ltd.*, No. 2:23-CV-88 JCM (NJK), 2024 WL 454994, at *2 n.1 (D. Nev. Feb. 5, 2024) ("Any arguments to which no response is supplied

1  may be deemed conceded as unopposed."); Civil Local Rule 7-2(d).

2  Rather than address the United States' presumption of independent prosecutorial judgment argument, the Opposition instead reiterates Plaintiffs' faulty interpretation of Section 2680(h). Opp. at 8-9. But by conflating the jurisdictional challenges raised by Section 2680(h) with the separate pleading deficiencies raised by the presumption of independent prosecutorial judgment, the Opposition fails to address either issue. As a result, even if the Court had subject matter jurisdiction over the malicious prosecution claim (*see supra* Part II), the malicious prosecution claim still should be dismissed under Rule 12(b)(6) because the FAC does not plead facts to rebut the presumption of independent prosecutorial judgment, and the Opposition fails to argue otherwise. This pleading deficiency is fatal to the malicious prosecution claim.

Plaintiffs claim that the FAC identifies some acts taken by law enforcement officers that were not directed or controlled by federal prosecutors. Opp. at 9 (citing FAC ¶ 32). But the only non-conclusory acts alleged in Paragraph 32 date to August 2017, which is more than 17 months *after* the superseding indictment against Bundy and Payne was issued on March 2, 2016. FAC ¶¶ 32 & 74. Post-indictment acts are irrelevant to Plaintiffs' malicious prosecution claim: the "[f]iling of a criminal complaint immunizes investigating officers . . . from damages suffered thereafter because it is presumed that the prosecutor filing the complaint exercised independent judgment[.]" *Smiddy v. Varney*, 665 F.2d 261, 266 (9th Cir. 1981), *overruled on other grounds by Beck v. City of Upland*, 527 F.3d 853, 865 (9th Cir. 2008). In other words, law enforcement officer conduct that allegedly occurred in August 2017 could not have caused Bundy's and Payne's prosecutions because federal prosecutors initiated those prosecutions more than 17 months earlier. Plaintiffs, thus, fail to rebut the presumption of independent prosecutorial judgment, and the necessary result is that their malicious prosecution claim must be dismissed.

### 2.   The FAC Does Not Allege Facts Supporting The Favorable Termination Element Of A Malicious Prosecution Claim Under Nevada Law

The United States argued in its Motion that the FAC fails to allege facts plausibly suggesting that Bundy and Payne were innocent of the criminal charges in the Underlying Action, and therefore Plaintiffs failed to allege the "favorable termination" element of a malicious prosecution claim. Mot. at 13-16. In response, Plaintiffs do not assert that their criminal prosecution was dismissed under terms that established

their innocence. Rather, they claim that Judge Navarro's dismissal, standing alone, satisfies the favorable termination element, arguing that the favorable termination element of a state law malicious prosecution claim is satisfied in every "criminal prosecution [that] ended without a conviction." Opp. at 10 (quoting *Manansingh v. United States*, No. 21-16192, 2023 WL 2658753 (9th Cir. Mar. 28, 2023) and citing *Thompson v. Clark*, 596 U.S. 36 (2022)). But that is an incorrect statement of Nevada state law, which governs this lawsuit. *See* 28 U.S.C. § 1346(b); *United States v. Olson*, 546 U.S. 43, 44 (2005).

In *Thompson v. Clark*, the Supreme Court held that a plaintiff asserting a federal law Fourth Amendment claim under Section 1983 for malicious prosecution "need only show that the criminal prosecution ended without a conviction." 596 U.S. 36, 49 (2022). But the Supreme Court's *Thompson* holding is inapplicable to this FTCA case because, by its terms, *Thompson* is limited to "a Fourth Amendment claim under 42 U.S.C. § 1983 for malicious prosecution." *Id.* at 39; *see also* Mot. at 14 n.6. *Thompson* thus does not define the elements of malicious prosecution claims brought under state law or, correspondingly, to malicious prosecution claims under the FTCA that must apply substantive state law—Nevada state law, in this instance. As the *Manansingh* district court expressly held on remand from the Ninth Circuit decision cited by Plaintiffs, "*Thompson* does not alter the state law requirements for 'favorable termination,'" and the court dismissed the malicious prosecution claim in that lawsuit because the plaintiffs failed to plead facts showing a cognizable favorable termination. *Manansingh v. United States*, No. 20-cv-01139-DWM, 2024 WL 1638638, at *6-7 (D. Nev. Apr. 15, 2024). Courts around the country have come to the same conclusion: *Thompson* does not, and cannot, alter the elements of a state law malicious prosecution claim. *See Neaderbaomer v. United States*, No. 20-cv-07888, 2023 WL 5505906, at *3 (C.D. Cal. Jan. 11, 2023) (noting that the holding in *Thompson* did not apply to a California state law malicious prosecution claim brought under the FTCA); *Johnson v. United States*, No. 22-cv-00747, 2022 WL 4180455, at *8 n.16 (N.D. Cal. Sept. 12, 2022) (similar); *see also Maqablh v. Heinz*, No. 16-cv-289, 2023 WL 6392742, at *4 (W.D. Ky. Sept. 29, 2023) (*Thompson*'s holding "had no bearing on the elements of a Kentucky malicious prosecution claim").

Accordingly, Plaintiffs' claim that Judge Navarro's dismissal, standing alone, satisfies the favorable termination element under Nevada state law is not an accurate statement of the law and cannot salvage their malicious prosecution claim. Instead, Plaintiffs have the affirmative obligation to plead facts

showing "more than a mere dismissal of the underlying action; he or she must show facts establishing his or her innocence." *Fetters v. Cty. of Los Angeles*, 243 Cal. App. 4th 825, 843 (2016). The FAC fails to meet this burden (*see* Mot. at 13-15), and the Opposition does not even attempt to argue otherwise.

### 3. The Malicious Prosecution Claim Should Be Dismissed Because The FAC Does Not Plead Facts Showing A Lack Of Probable Cause

Plaintiffs acknowledge that lack of probable cause is an essential element of a malicious prosecution claim, but they claim that Judge Navarro's finding of wrongdoing and dismissal of the Underlying Action "in and of itself[] is enough to rebut the presumption of probable cause." Opp. at 11. But Plaintiffs' legal conclusion is unsupported by case law and is inconsistent with Judge Navarro's dismissal order, which does not mention a lack of probable cause. *See* FAC ¶ 109. Instead, Judge Navarro's dismissal was based on due process grounds related to discovery violations and purported prosecutorial misstatements, and was issued "because no lesser sanction would adequately . . . deter future investigatory and prosecutorial misconduct." *Id.* ¶ 109.Y. None of those grounds for dismissal bespeaks a lack of probable cause. *See* Mot. at 14-15.

Because Judge Navarro's dismissal order itself does not supply the requisite showing, Plaintiffs must do more than simply cite the order to demonstrate a lack of probable cause. They instead must plead facts plausibly suggesting that, at the time of their indictments, there was no probable cause for the elements of the crimes with which Bundy and Payne were charged. *Butler v. Smith*, 85 F.4th 1102, 1116 (11th Cir. 2023); *Dunning v. United States*, No. 17-cv-43, 2022 WL 815190, at *3 (N.D. Ind. Mar. 17, 2022). But the FAC does not do so. Indeed, the purportedly false statements or fabricated evidence that Plaintiffs claim that federal prosecutors knowingly presented to the grand jury were not relevant to the elements of the crimes Bundy and Payne were charged with in the Underlying Action.[3] *See* Mot. at 16-17. The Opposition does not respond to these arguments.

---

[3] The allegations that *federal prosecutors* knowingly and intentionally presented this material to the grand jury demonstrate that the malicious prosecution claim is either barred by Section 2680(h) or is precluded by the presumption of independent prosecutorial judgment. *See* Mot. at 17 n.7. Either way, the malicious prosecution claim cannot survive.

### B. Plaintiffs Concede The Intentional Infliction Of Emotional Distress Claim Is Deficiently Pleaded

Plaintiffs' intentional infliction of emotional distress claim should be dismissed for lack of subject matter jurisdiction because Section 2680(h) also applies to this claim. *Supra* Part II; Mot. at 19. But even if the Court had jurisdiction over this claim, Plaintiffs acknowledge that the claim is deficiently pleaded, and it therefore must be dismissed. Opp. at 12 ("Plaintiffs concede that their IIED claims are not sufficiently pled.").

### C. The Derivative Loss Of Consortium Claim Should Be Dismissed Because Plaintiffs Do Not Allege Any Other Valid Claims

Because Plaintiffs admit that their intentional infliction of emotional distress claim must be dismissed (Opp. at 12), the only way the derivative loss of consortium claim can survive is if the malicious prosecution claim survives. But, as established *supra* Parts II-III, the malicious prosecution claim is subject to dismissal both because the Court lacks subject matter jurisdiction over the claim and because the claim suffers from multiple pleading deficiencies. Plaintiffs thus cannot maintain the derivative loss of consortium claim either.

## IV. The United States' Motion To Dismiss The Constitutional And Statutory Violation Allegations And The Demands For Attorney's Fees And Prejudgment Interest Should Be Granted As Unopposed

The Opposition fails to respond to the Motion's dismissal arguments regarding the constitutional and statutory violation allegations and the demands for attorney's fees and prejudgment interest. Plaintiffs thus concede those issues, and those allegations and claims should be dismissed. *Sasiada*, 2024 WL 454994, at *2 n.1; Civil Local Rule 7-2(d).

## V. Granting Leave To Amend Is Not Warranted

Finally, the Opposition includes a request for leave to amend (Opp. at 13-15), but leave to amend is not warranted in this case. Plaintiffs have already amended their claims once, and the remaining claims in the FAC are absolutely barred by sovereign immunity. The decision to grant or deny leave to amend lies within the discretion of the district court. *Foman v. Davis*, 371 U.S. 178, 182 (1962). Courts generally consider five factors in determining whether a party should be permitted leave to amend the complaint: bad faith, undue delay, prejudice to the opposing party, futility of the amendment, and whether the party

has previously amended his pleadings. *Bonin v. Calderon*, 59 F.3d 815, 845 (9th Cir. 1995). However, each factor "is not given equal weight." *Id.* As such, "[f]utility of amendment can, by itself, justify the denial of a motion for leave to amend," without requiring any showing of prejudice. *Id.*; *Steckman v. Hart Brewing, Inc.*, 143 F.3d 1293, 1298 (9th Cir. 1998); *Nunes v. Ashcroft*, 348 F.3d 815, 818 (9th Cir. 2003) ("Futility alone can justify the denial of a motion to amend."). Here, notwithstanding the fact that they already amended their claims once, Plaintiffs' claims in the FAC remain barred by the intentional tort exception to the FTCA. *See supra* Part II. As such, any amendment would be futile. *See Pink v. Modoc Indian Health Project*, 157 F.3d 1185, 1188 (9th Cir. 1998) (affirming denial of leave to amend because proposed amended complaint was futile as a result of the United States' sovereign immunity) (citing Section 2680(h)).

**VI.   Conclusion**

The United States respectfully asks the Court to grant the Motion to Dismiss.

DATED:  September 3, 2024

ISMAIL J. RAMSEY
United States Attorney

*/s/ Jevechius D. Bernardoni*
JEVECHIUS D. BERNARDONI
Assistant United States Attorney
Acting Under Authority Conferred
by 28 U.S.C. § 515

Attorneys for the United States of America