CRAIG H. MISSAKIAN (CABN 125202)
United States Attorney
PAMELA T. JOHANN (CABN 145558)
Chief, Civil Division
JEVECHIUS D. BERNARDONI (CABN 281892)
Assistant United States Attorney
Acting Under Authority Conferred by 28 U.S.C. § 515

    450 Golden Gate Avenue, Box 36055
    San Francisco, California 94102-3495
    Telephone: (415) 436-7224
    Facsimile: (415) 436-6748
    jevechius.bernardoni@usdoj.gov

Attorneys for the United States of America

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| RYAN BUNDY, *et al.*,<br><br>    Plaintiffs,<br><br>  v.<br><br>UNITED STATES OF AMERICA, *et al.*,<br><br>    Defendants. | Case No. 2:23-cv-01724-RFB-VCF<br><br>**THE UNITED STATES OF AMERICA'S REPLY IN SUPPORT OF MOTION TO DISMISS THE SECOND AMENDED COMPLAINT** |

# **TABLE OF CONTENTS**

I. Introduction ................................................................................................................... 1

II. The SAC Fails To Allege Additional Facts Regarding Independent Conduct By Law Enforcement Officers And Thus Does Not Establish Subject Matter Jurisdiction ......................... 2

III. The SAC Does Not State A Claim Upon Which Relief Can Be Granted ..................................... 4

    A. The Opposition Fails To Rebut Any Of The Three Independent Pleading Deficiencies In The SAC's Malicious Prosecution Claim ................................................. 4

        1. The SAC Does Not Allege Any Facts To Overcome The Presumption Of Independent Prosecutorial Judgment ..................................................................... 4

        2. The SAC Does Not Allege Facts Suggesting A Legally Cognizable Favorable Termination Of The Underlying Criminal Proceedings ........................ 6

        3. The Malicious Prosecution Claim Should Be Dismissed Because The SAC Does Not Plead Facts Showing A Lack Of Probable Cause ................................... 8

    B. The IIED Claim Is Barred By Sovereign Immunity, Deficiently Pleaded, And—As Reimagined In The Opposition—Time Barred ...................................................... 10

        1. The IIED Claim, As Alleged In The SAC, Is Barred By Section 2680(h) ........... 10

        2. The IIED Claim Alleged In The SAC Also Fails To State A Claim Upon Which Relief Can Be Granted Because Bundy And Payne's Prosecutions Were Supported By Probable Cause ...................................................................... 11

        3. The Reimagined IIED Claim Discussed In The Opposition Is "Forever Barred" By The FTCA's Two-Year Statute Of Limitations ................. 11

    C. The Derivative Loss Of Consortium Claim Should Be Dismissed Because Plaintiffs Do Not Allege Any Other Valid Claims ............................................................ 12

IV. The United States' Motion To Dismiss The Constitutional And Statutory Violation Allegations Should Be Granted As Unopposed ................................................................. 12

V. Conclusion ................................................................................................................. 12

# TABLE OF AUTHORITIES

## Cases

*Ademiluyi v. Phillips*, No. 14-cv-00507-MMD-CWH, 2014 WL 7012493 (D. Nev. Dec. 12, 2014) ...... 11

*Airs Aromatics, LLC v. Victoria's Secret Stores Brand Mgmt.*, 744 F.3d 595 (9th Cir. 2014) ................. 2

*Awabdy v. City of Adelanto*, 368 F.3d 1062 (9th Cir. 2004) ........................................................... 5

*Bartleson v. United States*, 96 F.3d 1270 (9th Cir. 1996) ............................................................. 11

*Bouari v. United States*, No. 21-16762, 2023 WL 1794241 (9th Cir. Feb. 7, 2023) .............................. 11

*Bouari v. United States*, No. 21-cv-226-JCM-VCF, 2021 WL 4699233 (D. Nev. Oct. 7, 2021) ............ 11

*Brown v. Lever*, No. 17-cv-00828-JAD-PAL, 2018 WL 1903120 (D. Nev. Apr. 20, 2018) .................... 11

*Butler v. Smith*, 85 F.4th 1102 (11th Cir. 2023) ............................................................................ 9

*Connectu LLC v. Zuckerberg*, 522 F.3d 82 (1st Cir. 2008) ........................................................ 3, 4

*Crain v. Nevada*, 724 F. App'x 591 (9th Cir. 2018) (same) ........................................................... 4

*Fetters v. Cty. of Los Angeles*, 243 Cal. App. 4th 825 (2016) ........................................................ 8

*Gallardo v. United States*, 755 F.3d 860 (9th Cir. 2014) .............................................................. 12

*Hensley v. United States*, 531 F.3d 1052 (9th Cir. 2008) ............................................................. 12

*Johnson v. United States*, No. 22-cv-00747, 2022 WL 4180455 (N.D. Cal. Sept. 12, 2022) ................... 7

*Jones v. Keitz*, 738 F. App'x 503 (9th Cir. 2018) ........................................................................ 4

*Littledale v. Sima*, No. 2-22-0177, 2024 WL 3620533 (Ill. App. Ct. August 1, 2024) ............................ 7

*Manansingh v. United States*, No. 20-cv-01139, 2024 WL 1638638 (D. Nev. Apr. 15, 2024) ................. 7

*Maqablh v. Heinz*, No. 16-cv-289, 2023 WL 6392742 (W.D. Ky. Sept. 29, 2023) ................................ 7

*Moore v. Ditech Fin., LLC*, No. 16-cv-1602-APG-GWF, 2017 WL 2464437 (D. Nev. June 7, 2017) ... 10

*Neaderbaomer v. United States*, No. 20-cv-07888, 2023 WL 5505906 (C.D. Cal. Jan. 11, 2023) ............. 7

*Nhia Kao Vang v. Decker*, No. 12-cv-01226, 2012 WL 5020491 (E.D. Cal. Oct. 17, 2012) ................ 12

*Rockwell Int'l Corp. v. United States*, 549 U.S. 457 (2007) ........................................................... 3

*Sasiada v. Switch, Ltd.*, No. 23-CV-88 JCM (NJK), 2024 WL 454994 (D. Nev. Feb. 5, 2024) ........ 10, 12

*Sheehan v. United States*, 896 F.2d 1168 (9th Cir. 1990) ............................................................. 11

*Smiddy v. Varney*, 665 F.2d 261 (9th Cir. 1981) ...................................................................... 5, 9

*Snow-Erlin v. United States*, 470 F.3d 804 (9th Cir. 2006) ......................................................... 10

1 | *Strudley v. Santa Cruz Cty. Bank*, 747 F. App'x 617 (9th Cir. 2019) ................................................... 3, 4

2 | *Thompson v. Clark*, 596 U.S. 36 (2022) ............................................................................................. 6, 7

3 | *United States ex rel. Lee v. Corinthian Colleges*, 655 F.3d 984 (9th Cir. 2011) ................................. 2, 4

4 | *United States v. Bundy*, 968 F.3d 1019 (9th Cir. 2020) ...................................................................... 6, 8

5 | *United States v. Olson*, 546 U.S. 43 (2005) ............................................................................................ 7

**Statutes**

28 U.S.C. § 1346(b) ..................................................................................................................................... 7

28 U.S.C. § 2401(b) ........................................................................................................................... 1, 11, 12

28 U.S.C. § 2680(h) ..................................................................................................................... 6, 10, 11, 12

42 U.S.C. § 1983 ...................................................................................................................................... 6, 7

**Rules**

Civil Local Rule 7-2(d) .......................................................................................................................... 10, 12

Federal Rule of Civil Procedure 12(b)(1) ................................................................................................. 1, 6

Federal Rule of Civil Procedure 12(b)(6) ............................................................................................. 4, 6, 10

I.      Introduction

Plaintiffs seek to create subject matter jurisdiction over this lawsuit by filing a second amended complaint (ECF No. 38, "SAC") that does nothing more than *delete* prior allegations in Plaintiffs' pleadings—specifically, the SAC removes 47 distinct allegations from the first amended complaint (ECF No. 11, "FAC") regarding federal prosecutorial direction, guidance, and control of law enforcement conduct by specifically named federal prosecutors. *See* ECF No. 39-1 ("Exhibit A"). But as the United States established in its motion to dismiss, Plaintiffs cannot create subject matter jurisdiction in this manner because amendment of jurisdictional facts must be limited to *additional* allegations that do not contradict the prior allegations. ECF No. 39 ("Mot.") at 8-11. Plaintiffs' Opposition (ECF No. 44, "Opp.") agrees that the SAC must allege additional facts to establish jurisdiction, but the SAC nevertheless fails to allege *any* new facts—much less facts that are not contradicted by the 47 instances of federal prosecutorial control alleged in the FAC—that could establish federal jurisdiction. Plaintiffs' lawsuit is thus subject to dismissal, with prejudice, under Federal Rule of Civil Procedure 12(b)(1).

But in addition to failing to establish subject matter jurisdiction, Plaintiffs' Opposition does not respond substantively to any of the pleading deficiencies identified in the United States' Motion. With respect to the malicious prosecution claim, the Opposition (1) does not point to *any* factual allegation in the SAC that could overcome the legal presumption that federal prosecutors exercised independent judgment when they decided to initiate criminal proceedings against Ryan Bundy and Ryan Payne; (2) relies on an incorrect legal standard for the favorable termination element of a malicious prosecution claim under Nevada state law, and (3) fails to identify *any* factual allegation in the SAC to overcome the presumption that Bundy's and Payne's prosecutions were supported by probable cause. The Opposition also impermissibly tries to refocus the intentional infliction of emotional distress ("IIED") claim from the post-indictment conduct alleged in the SAC—which either is barred by sovereign immunity or fails to establish "extreme and outrageous" behavior as a matter of law—to pre-indictment conduct, but any such IIED claim would be "forever barred" by the two-year statute of limitations in 28 U.S.C. § 2401(b). And the derivative loss of consortium claim cannot survive because none of Plaintiffs' other claims can survive. Finally, the Opposition does not even address the United States' argument that the SAC's constitutional and statutory violation allegations are not cognizable in this Federal Tort Claims Act ("FTCA") action.

THE UNITED STATES' REPLY ISO MOTION TO DISMISS THE SECOND AMENDED COMPLAINT
Case No. 2:23-cv-01724-RFB-VCF                1

The SAC is the third complaint that Plaintiffs have filed in this lawsuit, but it still fails to establish subject matter jurisdiction, and every cause of action alleged therein continues to be deficiently pleaded. As a result, Plaintiffs' lawsuit should be dismissed, with prejudice.

## II. The SAC Fails To Allege Additional Facts Regarding Independent Conduct By Law Enforcement Officers And Thus Does Not Establish Subject Matter Jurisdiction

As the United States demonstrated in both its first motion to dismiss and the instant Motion, the FAC's 47 paragraphs of allegations regarding federal prosecutorial control over all relevant law enforcement conduct are fundamentally incompatible with the United States' sovereign immunity and thus negated subject matter jurisdiction over this lawsuit. Mot. at 9-10. The Opposition contends that Plaintiffs "should be permitted to plead additional facts that could cure the Complaint's deficiencies[.]" Opp. at 5 (quoting *United States ex rel. Lee v. Corinthian Colleges*, 655 F.3d 984, 995 (9th Cir. 2011)). But the SAC fails to meet Plaintiffs' own suggested burden; it does not allege *any* "additional facts" or *any* additional events—beyond events that Plaintiffs already conceded (47 times) were directed, guided, and controlled by federal prosecutors—to plausibly suggest law enforcement officers acted independently of federal prosecutors. Mot. at 10-11. Indeed, the Opposition acknowledges that the "*only* difference [between the FAC and the SAC] is that Plaintiffs have no longer included the Department of Justice or the U.S. Attorney's employees and their actions in the allegations[.]" Opp. at 5 (emphasis added).

However, Plaintiffs' amendments must be consistent with the allegations in the FAC, and doing nothing more than deleting jurisdiction-defeating facts that appear in 47 different paragraphs in the FAC does not fulfill Plaintiffs' burden to plead "additional allegations that are consistent with the challenged pleading and that do not contradict the allegations in the original complaint." *Corinthian Colleges*, 655 F.3d at 995; *see also Airs Aromatics, LLC v. Victoria's Secret Stores Brand Mgmt.*, 744 F.3d 595, 600 (9th Cir. 2014); Mot. at 10-11. And to the extent Plaintiffs contend that, solely by removing allegations regarding federal prosecutorial control over the events at issue in both the FAC and SAC, Plaintiffs thereby establish independent law enforcement conduct in the SAC (Opp. at 5), Plaintiffs ignore that any such conclusion contradicts the FAC's 47 paragraphs expressly alleging that federal prosecutors directed, guided, and controlled each of these events. A contradictory and inconsistent amendment like Plaintiffs' is not permissible. *Corinthian Colleges*, 655 F.3d at 995; *Airs Aromatics, LLC*, 744 F.3d at 600.

Plaintiffs further contend that the Court may look only to the SAC—and should ignore the FAC—to determine whether it has jurisdiction over this lawsuit. Opp. at 5. But Plaintiffs' suggested selective assessment of the docket would be inappropriate where, as here, a plaintiff files an amended complaint that seeks to contradict the jurisdictional underpinnings of the lawsuit. Simply stated, the Court cannot assess whether the jurisdictional allegations in the SAC and FAC are consistent without considering the jurisdiction-negating allegations in the FAC. *See supra*.

Moreover, neither of the cases Plaintiffs cite for their argument that the Court's jurisdictional analysis is limited to the SAC applies to the procedural posture of this case. Plaintiffs first cite *Rockwell Int'l Corp. v. United States*, 549 U.S. 457 (2007), for the proposition that "courts look to the amended complaint to determine jurisdiction." Opp. at 5. But the Ninth Circuit has already rejected the interpretation of *Rockwell* that Plaintiffs advance here, finding *Rockwell* "inapposite" where a plaintiff amends a complaint to create federal question jurisdiction. *Strudley v. Santa Cruz Cty. Bank*, 747 F. App'x 617, 618 (9th Cir. 2019) (*Rockwell* "is inapposite because [it] stands for the proposition that a plaintiff may voluntarily amend its original complaint to *remove* federal jurisdiction. . . . Plaintiffs amended their complaint for the exact opposite purpose in this case") (emphasis in original). *Rockwell* thus provides no support for Plaintiffs' effort to create (rather than remove) federal jurisdiction by filing the SAC.

The First Circuit's non-precedential decision in *Connectu LLC v. Zuckerberg*, is also inapposite because the amended complaint in that case added a new claim that established an independent basis for subject matter jurisdiction. 522 F.3d 82, 93 (1st Cir. 2008) (plaintiff "amended its complaint in response to its copyright registration and altered the jurisdictional foundation of its action"). In this case, in contrast, the SAC does not add any new claims, and it relies on the exact same jurisdictional foundation as the FAC, *i.e.*, the FTCA. *Compare* FAC ¶ 1 *with* SAC ¶ 1. But the FAC's allegations—repeated 47 times—that federal prosecutors directed, guided, and controlled every act that led to Bundy's and Payne's prosecution negated this Court's subject matter jurisdiction, and Plaintiffs cannot simply delete those allegations and pretend they never existed. *Connectu* is further distinguished because, in that case, an "amended complaint was filed *as of right* and became the operative complaint without judicial intervention and before any jurisdictional challenge had surfaced." *Connectu*, 522 F.3d at 95-96 (emphasis in original). Here, Plaintiffs did not file the SAC "as of right"; they instead filed that pleading

THE UNITED STATES' REPLY ISO MOTION TO DISMISS THE SECOND AMENDED COMPLAINT
Case No. 2:23-cv-01724-RFB-VCF                3

in response to this Court's order granting the United States' motion to dismiss the FAC, which expressly challenged subject matter jurisdiction. *See* ECF Nos. 12 & 37.

Although not raised by Plaintiffs in the Opposition, the First Circuit observed in *Connectu* that "courts have been careful not to import the time-of-filing rule indiscriminately into the federal question realm." *Connectu*, 522 F.3d at 92. But the Ninth Circuit *has* applied the time-of-filing rule to the federal question jurisdictional analysis and refused to accept an attempt "to create jurisdiction, not clarify it, when they amended their complaint to add a federal cause of action." *Strudley*, 747 F. App'x at 618. Here, the SAC does not "clarify" jurisdiction; instead, it seeks to "create" jurisdiction where it did not previously exist solely by deleting 47 paragraphs of jurisdiction-defeating allegations in the FAC. Plaintiffs cannot create federal question jurisdiction in this manner. *Id.*; *Corinthian Colleges*, 655 F.3d at 995.

### III. The SAC Does Not State A Claim Upon Which Relief Can Be Granted

#### A. The Opposition Fails To Rebut Any Of The Three Independent Pleading Deficiencies In The SAC's Malicious Prosecution Claim

To survive this Rule 12(b)(6) challenge to the malicious prosecution claim, Plaintiffs must point to plausible factual allegations in the SAC that (1) overcome the presumption of independent prosecutorial judgment, (2) establish a legally cognizable favorable outcome of the underlying criminal proceeding, and (3) demonstrate a lack of probable cause for Bundy's and Payne's prosecution. *See* Mot. at 11-19. Despite the fact that the SAC is the third complaint that Plaintiffs have filed in this lawsuit, the Opposition does not point to allegations in the SAC that overcome *any* of these three independent bases for dismissal.

##### 1. The SAC Does Not Allege Any Facts To Overcome The Presumption Of Independent Prosecutorial Judgment

To plead a valid malicious prosecution claim, Plaintiffs must allege facts that rebut the presumption that federal prosecutors exercised independent judgment when they initiated criminal charges against Bundy and Payne. Mot. at 12-13; *Jones v. Keitz*, 738 F. App'x 503 (9th Cir. 2018) (affirming Rule 12(b)(6) dismissal where the complaint failed to allege facts to rebut the presumption of independent prosecutorial judgment); *Crain v. Nevada*, 724 F. App'x 591, 592 (9th Cir. 2018) (same). The Opposition contends that "nothing suggests that [law enforcement officers] were coerced, in any way, to engage in wrongful behavior by any prosecutor" (Opp. at 10), but the relevant test is not whether law enforcement

officers "were coerced" by prosecutors, but rather whether the SAC alleges facts plausibly suggesting that law enforcement officers coerced, duped, or otherwise exerted improper influence *on federal prosecutors* to cause the prosecutors to initiate Bundy's and Payne's criminal proceedings. *Awabdy v. City of Adelanto*, 368 F.3d 1062, 1067 (9th Cir. 2004) (malicious prosecution claims are cognizable only where law enforcement officers "improperly exerted pressure on the prosecutor, knowingly provided misinformation to him, concealed exculpatory evidence, or otherwise engaged in wrongful or bad faith conduct that was actively instrumental in causing the initiation of legal proceedings").

Regardless of Plaintiffs' incorrect legal standard, and putting aside the FAC's *many* allegations of federal prosecutorial control over all relevant law enforcement conduct (which negate any inference that federal prosecutors failed to exercise independent judgment), neither the SAC nor the Opposition includes factual allegations that even approach Plaintiffs' burden to overcome the presumption of independent prosecutorial judgment. Instead, the examples discussed in the Opposition are unconnected to the legal charges in Ryan Bundy's and Ryan Payne's indictment, and they are unaccompanied by factual allegations in the SAC to rebut the presumption of independent prosecutorial judgment. For example:

- Plaintiffs claim that the BLM maintained a "kill list" and the FBI had an "Arrest Tracking Wall" during the standoff (Opp. at 9-10 (citing SAC ¶ 23)), but the SAC does not allege any facts suggesting that either the kill list or the arrest tracking wall (neither of which appears to be independently tortious) was ever presented to federal prosecutors, much less that those items were "actively instrumental in causing the initiation of legal proceedings" against Bundy or Payne. *Awabdy*, 368 F.3d at 1067.

- Plaintiffs assert that law enforcement officers fabricated evidence regarding a surveillance camera (Opp. at 10), but the SAC nowhere alleges facts suggesting that fabricated surveillance footage had any role in the initiation of legal proceedings against Bundy and Payne. Instead, the SAC alleges that this evidence was not even at issue in the criminal proceedings until August 2017, more than a year *after* federal prosecutors obtained the superseding indictment for Bundy and Payne. SAC ¶ 34; *Smiddy v. Varney*, 665 F.2d 261, 266 (9th Cir. 1981) (post-indictment acts are irrelevant to malicious prosecution).

- Plaintiffs further argue that Agent Willis "falsely informed the Grand Jury that in 2014, the Bundy Defendants were snipers when, in fact, the snipers were deployed by the BLM and/or FBI." Opp. at 10 (citing SAC ¶ 36). But the SAC does not allege any facts to rebut the legal presumption that federal

prosecutors exercised their independent prosecutorial judgment when this evidence was purportedly presented to the grand jury. Nor could Plaintiffs make such an allegation without contradicting the allegations in the FAC, which expressly alleged that Agent Willis's testimony "was performed at the direction of AUSAs Ahmed, Myhre and Bogden."[1] *See* Exhibit A (*comparing* FAC ¶ 34 *with* SAC ¶ 36). And, in any event, none of the purportedly fabricated testimony presented to the grand jury was "actively instrumental in causing the initiation of legal proceedings" against Bundy and Payne, *Awabdy*, 368 F.3d at 1067, because that testimony was either (1) unrelated to Ryan Bundy and/or Ryan Payne or (2) irrelevant to the elements of the crimes for which Bundy and Payne were actually indicted. *See* Mot. 16-19.

Finally, the Opposition's independent prosecutorial judgment argument incorrectly invokes 28 U.S.C. § 2680(h). Opp. at 8-9. But Section 2680(h) is relevant only to the United States' sovereign immunity arguments, which are analyzed under Rule 12(b)(1). Mot. at 8; *supra* Part II. That statute provides no guidance for the Court's Rule 12(b)(6) analysis of whether the SAC alleges affirmative facts to rebut the presumption of independent prosecutorial judgment. Mot. at 12-13.

Here, the SAC includes no affirmative factual allegations that even remotely rebut the presumption of independent prosecutorial judgment, and the examples invoked in the Opposition are wholly irrelevant to that analysis. The malicious prosecution claim is subject to dismissal under Rule 12(b)(6) on this basis.

### 2. The SAC Does Not Allege Facts Suggesting A Legally Cognizable Favorable Termination Of The Underlying Criminal Proceedings

The Opposition next argues that the Supreme Court's decision in *Thompson v. Clark*, 596 U.S. 36 (2022), removes the favorable termination element from a Nevada state law malicious prosecution claim. Opp. at 11. Plaintiffs are incorrect; the Supreme Court's holding regarding the elements of a federal malicious prosecution claim under 42 U.S.C. § 1983 has no bearing on the Nevada state law malicious prosecution elements at issue in this case.

In *Thompson*, the Court held that a plaintiff asserting a federal law Fourth Amendment claim under Section 1983 for malicious prosecution "need only show that the criminal prosecution ended without a

---

[1] Plaintiffs' sniper allegations further fail to support a malicious prosecution claim as a matter of law because the Ninth Circuit already found that representations that the criminal defendants lied about feeling surrounded by snipers "do not appear to be elements of the crimes alleged[.]" *United States v. Bundy*, 968 F.3d 1019, 1044 (9th Cir. 2020).

conviction." 596 U.S. at 49. But the *Thompson* holding is inapplicable to this FTCA case because, by its terms, *Thompson* is limited to "a Fourth Amendment claim under 42 U.S.C. § 1983 for malicious prosecution." *Id.* at 39. *Thompson* thus does not define the elements of malicious prosecution claims brought under state law or, correspondingly, to malicious prosecution claims under the FTCA that must apply substantive state law (Nevada state law, in this instance). *See* 28 U.S.C. § 1346(b) (applying "the law of the place where the act or omission occurred"); *United States v. Olson*, 546 U.S. 43, 44 (2005).

Although the Opposition argues that the cases cited in the Motion (with one notable exception) "were decided prior to the Supreme Court's *Thompson* ruling, and thus, have not taken the *Thompson* ruling into account" (Opp. at 12), state and federal courts from around the country have concluded that *Thompson*'s federal law holding does not alter the elements of a state-law malicious prosecution claim. *See, e.g.*, *Neaderbaomer v. United States*, No. 20-cv-07888, 2023 WL 5505906, at *3 (C.D. Cal. Jan. 11, 2023) (noting that the holding in *Thompson* did not apply to a California state law malicious prosecution claim brought under the FTCA); *Johnson v. United States*, No. 22-cv-00747, 2022 WL 4180455, at *8 n.16 (N.D. Cal. Sept. 12, 2022) (similar); *Maqablh v. Heinz*, No. 16-cv-289, 2023 WL 6392742, at *4 (W.D. Ky. Sept. 29, 2023) (*Thompson*'s holding "had no bearing on the elements of a Kentucky malicious prosecution claim"); *Littledale v. Sima*, No. 2-22-0177, 2024 WL 3620533, at *13 (Ill. App. Ct. August 1, 2024) ("*Thompson* deals with a Fourth Amendment claim under 42 U.S.C. § 1983 for malicious prosecution. *Thompson* did not deal with state law claims for malicious prosecution. Therefore, *Thompson* is inapposite.") (citation and quotation marks omitted). Moreover, the case cited in the Motion that post-dates *Thompson*—*Manansingh v. United States*—is directly on point; it arises under Nevada law and finds that *Thompson* does not control the favorable termination element of *a Nevada state law malicious prosecution claim* in the FTCA context. *See* No. 20-cv-01139, 2024 WL 1638638, at *6 (D. Nev. Apr. 15, 2024) ("because *Thompson* does not alter the state law requirements for 'favorable termination,' Plaintiffs' malicious prosecution claim is once again dismissed for failure to state a claim").[2]

Accordingly, Plaintiffs' claim that Judge Navarro's dismissal, standing alone, satisfies the favorable termination element under Nevada state law is not an accurate statement of the law and cannot

---

[2] Plaintiffs' counsel here was also the plaintiff's counsel of record in *Manansingh*. *See Manansingh v. United States*, No. 20-cv-1139 (D. Nev.) at ECF No. 109.

THE UNITED STATES' REPLY ISO MOTION TO DISMISS THE SECOND AMENDED COMPLAINT
Case No. 2:23-cv-01724-RFB-VCF                               7

salvage Plaintiffs' Nevada state law malicious prosecution claim. Opp. at 12. Instead, Plaintiffs have the affirmative obligation to plead facts showing "more than a mere dismissal of the underlying action; he or she must show facts establishing his or her innocence." *Fetters v. Cty. of Los Angeles*, 243 Cal. App. 4th 825, 843 (2016). The Opposition does not even attempt to argue that the SAC meets this burden.

### 3. The Malicious Prosecution Claim Should Be Dismissed Because The SAC Does Not Plead Facts Showing A Lack Of Probable Cause

While Plaintiffs acknowledge that the multiple grand jury indictments of Bundy and Payne "create[] a rebuttable presumption of probable cause," the Opposition offers the conclusory assertions—untethered to specific allegations in the SAC—that "[f]alse statements to the grand jury, altered reports and manipulated video surveillance directly contributed to the indictment." Opp. at 13. The Opposition's unsupported conclusions do not withstand scrutiny.

First, to the extent Plaintiffs argue that law enforcement officials provided "false statements to the grand jury" (Opp. at 13), the Motion established that the purportedly false testimony that the SAC alleges was submitted to the grand jury (1) *did not involve* Bundy or Payne and (2) *was unrelated* to the elements of the crimes for which Bundy and Payne were charged. Mot. at 17-18. Those allegedly false grand jury statements, therefore, are immaterial to the question currently before the Court: does the SAC allege facts to rebut the presumption that there was probable cause to initiate criminal proceedings against Bundy and Payne for the crimes for which the grand jury (repeatedly) indicted them? The Opposition does not point to *any* factual allegation(s) in the SAC that would allow the Court to answer that question in the positive.

Second, the Opposition invokes unspecified "altered reports," but it does not tie that claim to any allegation in the SAC, much less establish how those reports were altered or even suggest that the altered reports were presented to the grand jury (and thus could have, even in theory, had an impact on the indictment). Opp. at 13. Regardless of the lack of clarity in the Opposition, the SAC uses the word "report" in three paragraphs (SAC ¶¶ 34, 35, & 93(O)), and the only one of those paragraphs that even arguably matches the conclusory assertion in the Opposition involves Agent Willis's purported testimony regarding snipers. *Id.* ¶ 35. However, as already found by the Ninth Circuit, statements about snipers "do not appear to be elements of the crimes alleged[.]" *Bundy*, 968 F.3d at 1044. Accordingly, to the extent the Opposition's vague assertion about "altered reports" was intended to refer to purported testimony

regarding snipers, that testimony cannot rebut the presumption of probable cause because it has nothing to do with the elements of the crimes with which Bundy and Payne were charged. *Butler v. Smith*, 85 F.4th 1102, 1116 (11th Cir. 2023) (courts "look to the elements of the underlying crime—and in particular, in a malicious-prosecution case like this one, to the elements of the *charged* crime") (emphasis in original).

Third, the Opposition suggests that "manipulated video surveillance directly contributed to the indictment," but the Opposition once again does not link that claim to any factual allegation in the SAC. Opp. at 13. To the extent the Opposition's unsupported statement was intended to refer to surveillance camera footage of the Bundy Ranch, there is no factual allegation *anywhere* in the SAC suggesting that such surveillance camera footage was displayed to, relied upon, or even at issue when the grand jury repeatedly indicted Bundy and Payne. Instead, the SAC alleges that the surveillance camera footage was not at issue in the criminal proceedings until August 2017, more than a year *after* federal prosecutors obtained the superseding indictment for Bundy and Payne. SAC ¶ 34; *supra* Part III.A.1. And, once again, neither the SAC nor the Opposition establishes how "manipulated video surveillance" was relevant to the elements of the claims for which Bundy and Payne were indicted, even assuming (in the absence of any supporting allegation in the SAC) that such evidence had been presented to the grand jury.

Fourth, the Opposition makes conclusory assertions about "stag[ed] confrontations" and "suppress[ed] exculpatory evidence" (Opp. at 13), but there are no facts—either in the SAC or the Opposition—that link this conduct to either (1) evidence presented, or not, to the grand jury (as opposed to post-indictment proceedings) or (2) the elements of Ryan Bundy's and Ryan Payne's charged crimes.

Fifth, the Opposition invokes Judge Navarro's dismissal order, but that order, as described in the SAC, was based on the government's *post-indictment* "failure to produce *Brady* materials" (SAC ¶ 95), and neither the SAC nor the Opposition identifies anything from that order suggesting that the underlying indictments were devoid of probable cause. Opp. at 14; SAC ¶¶ 94-95; *Smiddy*, 665 F.2d at 266.

Finally, the Opposition does not address the other probable cause argument in the Motion, namely that, even assuming the grand jury was presented with fabricated evidence related to Ryan Bundy and Ryan Payne and that the fabricated evidence was relevant to the elements of the crimes for which Ryan Bundy and Ryan Payne were charged (and, to be clear, there are *no* such factual allegations in the SAC), the prosecutions were still supported by *independent* probable cause. Mot. at 18-19. In fact, the

indictments contain lengthy recitations of Ryan Bundy's and Ryan Payne's criminal wrongdoing that are independent of any purportedly false evidence presented to the grand jury (Underlying Action at ECF Nos. 5 & 27), and the SAC does not allege facts to suggest that Bundy's and Payne's criminal indictments were not supported by probable cause for those other events. By failing to respond to the independent probable cause argument in the Motion, Plaintiffs concede that issue. *See Moore v. Ditech Fin., LLC*, No. 16-cv-1602-APG-GWF, 2017 WL 2464437, at *2 (D. Nev. June 7, 2017); *see also Sasiada v. Switch, Ltd.*, No. 23-CV-88 JCM (NJK), 2024 WL 454994, at *2 n.1 (D. Nev. Feb. 5, 2024) ("Any arguments to which no response is supplied may be deemed conceded as unopposed."); Civil Local Rule 7-2(d).

### B. The IIED Claim Is Barred By Sovereign Immunity, Deficiently Pleaded, And—As Reimagined In The Opposition—Time Barred

Plaintiffs spend most of their discussion of the IIED claim arguing that 28 U.S.C. § 2680(h) does not bar that cause of action because the SAC deleted all allegations of federal prosecutorial direction, guidance, and control. Opp. at 15. But, as discussed above, Plaintiffs cannot create subject matter jurisdiction solely by deleting 47 paragraphs of allegations in the FAC regarding federal prosecutorial control, all of which negate federal subject matter jurisdiction in this case. Mot. at 9-11; *supra* Part II.

The Opposition also makes the separate Rule 12(b)(6) argument that the SAC "includes specific actions that were 'extreme and outrageous'" and that the SAC "describes in disturbing detail how federal agents harassed family members, maintained 'kill books,' deployed sniper teams, and staged false flag interactions under the guise of 'Longbow Productions." Opp. at 15. There are three problems here.

#### 1. The IIED Claim, As Alleged In The SAC, Is Barred By Section 2680(h)

The IIED claim in the SAC is not premised on the purportedly "extreme and outrageous" pre-indictment events recounted in the Opposition. Instead, the IIED claim in the SAC is grounded in *the prosecution* of Ryan Bundy and Ryan Payne and the claimed emotional toll the resulting pretrial detention imposed on Plaintiffs. *See* SAC ¶¶ 97-108 (describing Plaintiffs' claimed emotional distress damages, *all* of which stem from the absence of Bundy and Payne during pretrial detention). The emotional distress damages alleged in the SAC thus all arise out of Bundy and Payne's prosecution, and, accordingly, are barred by 28 U.S.C. § 2680(h). *See Snow-Erlin v. United States*, 470 F.3d 804, 808 (9th Cir. 2006) (courts must "look[] beyond the labels used to determine whether a proposed claim is barred [under § 2680(h)]"

1  and if "the gravamen of Plaintiff's complaint is a claim for an excluded tort under § 2680(h), then the
2  claim is barred"); *see also Sheehan v. United States*, 896 F.2d 1168, 1172 (9th Cir. 1990) (barring an IIED
3  claim under § 2680(h) if "in substance the conduct relied upon constituted a specifically excluded tort").

          **2.     The IIED Claim Alleged In The SAC Also Fails To State A Claim Upon Which Relief Can Be Granted Because Bundy And Payne's Prosecutions Were Supported By Probable Cause**

6       Even if the IIED claim—as alleged in the SAC—is not barred by Section 2680(h), it still fails to
7  state a claim upon which relief can be granted because criminal prosecution does not qualify as "extreme
8  and outrageous" where the prosecution is supported by probable cause. *Bouari v. United States*, No. 21-
9  cv-226-JCM-VCF, 2021 WL 4699233, at *5 (D. Nev. Oct. 7, 2021), *aff'd Bouari v. United States*, No.
10 21-16762, 2023 WL 1794241, at *3 (9th Cir. Feb. 7, 2023); *Brown v. Lever*, No. 17-cv-00828-JAD-PAL,
11 2018 WL 1903120, at *8 (D. Nev. Apr. 20, 2018). As discussed above, there are no facts alleged in the
12 SAC that come close to rebutting the presumption that Ryan Bundy's and Ryan Payne's prosecution was
13 supported by probable cause. Mot. at 16-19 (discussing probable cause); *supra* Part III.A.3 (same).

          **3.     The Reimagined IIED Claim Discussed In The Opposition Is "Forever Barred" By The FTCA's Two-Year Statute Of Limitations**

16      Finally, the Opposition seeks to refocus the IIED claim on events that occurred *prior* to Bundy's
17 and Payne's indictment, but the IIED claim in the SAC addresses Ryan Bundy's and Ryan Payne's *post*-
18 indictment prosecution (*see supra* Part III.B.1; SAC ¶¶ 97-108), and Plaintiffs cannot amend their SAC
19 through an opposition brief. *See Ademiluyi v. Phillips*, No. 14-cv-00507-MMD-CWH, 2014 WL 7012493,
20 at *3 (D. Nev. Dec. 12, 2014) ("Statements made in an opposition brief cannot amend the complaint").
21      But even if Plaintiffs were permitted to amend their IIED claim through the Opposition, that effort
22 would fail from the outset because any such IIED claim would be barred by the FTCA's statute of
23 limitations. Under the FTCA, a tort claim against the United States is "forever barred unless it is presented
24 in writing to the appropriate Federal agency within two years after such claim accrues[.]" 28 U.S.C.
25 § 2401(b). "The date on which an FTCA claim accrues is determined by federal law." *Bartleson v. United*
26 *States*, 96 F.3d 1270, 1276 (9th Cir. 1996). An FTCA claim accrues when the plaintiff has a complete
27 cause of action and "knows or has reason to know of the injury which is the basis of his action." *Hensley*
28 *v. United States*, 531 F.3d 1052, 1056 (9th Cir. 2008); *Gallardo v. United States*, 755 F.3d 860, 864 (9th

Cir. 2014); *Nhia Kao Vang v. Decker*, No. 12-cv-01226, 2012 WL 5020491, at *9 (E.D. Cal. Oct. 17, 2012) (under the FTCA, a "cause of action for intentional infliction of emotional distress accrues, and the two-year statute of limitations begins to run, when the plaintiff suffers the severe emotional distress").

Here, the SAC alleges that Plaintiffs submitted an administrative "Claim for Damage, Injury or Death . . . on or about February 3, 2020." SAC ¶ 110. Accepting that allegation as true, any IIED claim that accrued prior to February 3, 2018 is "forever barred." 28 U.S.C. § 2401(b). The new, *pre*-indictment events that the Opposition claims underlie the IIED cause of action all predate February 3, 2018. For example, the "kill books" and "sniper team" allegations occurred during the 2014 cattle impoundment operation. *See* SAC ¶ 23. Similarly, the Longbow Productions allegations predate Bundy and Payne's February 17, 2016 indictment (which itself was almost two years before the February 3, 2018 limitations date).[3] *Id.* ¶¶ 53-56.

### C. The Derivative Loss Of Consortium Claim Should Be Dismissed Because Plaintiffs Do Not Allege Any Other Valid Claims

As established above, Plaintiffs' malicious prosecution and IIED claims are subject to dismissal. Plaintiffs thus cannot maintain the derivative loss of consortium claim either.

## IV. The United States' Motion To Dismiss The Constitutional And Statutory Violation Allegations Should Be Granted As Unopposed

Just like the last round of motion to dismiss proceedings, the Opposition currently before the Court fails to respond to the Motion's dismissal arguments regarding the constitutional and statutory violation allegations. Plaintiffs thus concede those issues, and those allegations should be dismissed. *Sasiada*, 2024 WL 454994, at *2 n.1; Civil Local Rule 7-2(d).

## V. Conclusion

The United States respectfully asks the Court to grant the Motion, with prejudice.

---

[3] The Opposition's reference to harassment of family members is unclear (Opp. at 15), but to the extent that conclusion relates to "post arrest jail phone" monitoring (*see* SAC ¶ 28) the SAC does not allege when Plaintiffs became aware of that purported conduct and suffered resulting emotional distress and, in any event, any such conduct would (1) arise out of Bundy's and Payne's prosecution and thus be barred by Section 2680(h) (*supra* Part III.B.1) or (2) fail to plead facts establishing that the government's efforts to monitor the post-arrest jail calls of individuals who were indicted (repeatedly) by a grand jury based on (repeated) findings of probable cause were either "extreme" or "outrageous" (*supra* Part III.B.2).

DATED: July 18, 2025

        CRAIG H. MISSAKIAN
        United States Attorney

        */s/ Jevechius D. Bernardoni*
        JEVECHIUS D. BERNARDONI
        Assistant United States Attorney
        Acting Under Authority Conferred
        by 28 U.S.C. § 515

        Attorneys for the United States of America