# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

* * *

| | |
|---|---|
| RYAN BUNDY, *et al.*, | Case No. 2:23-cv-01724-RFB-MDC |
| Plaintiffs, | **ORDER** |
| v. | |
| UNITED STATES OF AMERICA, | |
| Defendants. | |

Before the Court is the Motion to Dismiss Plaintiffs' (ECF No. 39) Second Amended Complaint ("SAC") pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) by Defendant the United States of America. For the following reasons, the Motion is granted, and the SAC is dismissed without prejudice.

The Court first addresses Defendant's dismissal argument under Rule 12(b)(1). Federal courts are courts of limited jurisdiction, possessing "only that power authorized by Constitution and statute." Kokkonen v. Guardian Life Insurance Company of America, 511 U.S. 375, 377 (1994). The burden of establishing subject matter jurisdiction rests upon the party asserting jurisdiction. Id. A Rule 12(b)(1) jurisdictional attack may be facial or factual. White v. Lee, 227 F.3d 1214, 1242 (9th Cir.2000) (citation omitted). In a facial attack, the challenger asserts that the allegations contained in a complaint are insufficient on their face to invoke federal jurisdiction. Safe Air for Everyone v. Meyer, 373 F.3d 1035, 1039 (9th Cir. 2004). By contrast, in a factual attack, the challenger disputes the truth of the allegations that, by themselves, would otherwise invoke federal jurisdiction. Id. As relevant here, "[t]he district court resolves a facial attack as it would a motion to dismiss under Rule 12(b)(6): Accepting the plaintiff's allegations as true and drawing all reasonable inferences in the plaintiff's favor, the court determines whether the

allegations are sufficient as a legal matter to invoke the court's jurisdiction." Leite v. Crane Co., 749 F.3d 1117, 1121 (9th Cir. 2014).

As an initial matter, the Court finds Defendant's facial attack on jurisdiction is unavailing. The Court finds it has jurisdiction over Plaintiffs' intentional tort claims pursuant to the United States' waiver of sovereign immunity through the Federal Tort Claims Act (FTCA), 28 U.S.C. § 2680(h). See Foster v. United States, 522 F.3d 1071, 1074 (9th Cir. 2008)) ("The so-called 'law enforcement proviso' allows suits against the United States for 'any claim arising . . . out of assault, battery, false imprisonment, false arrest, abuse of process, or malicious prosecution' by 'investigative or law enforcement officers of the United States Government.'" Leuthauser v. U.S., 71 F.4th 1189, 1193 (9th Cir. 2023) (quoting 28 U.S.C. § 2680(h)). In the SAC, Plaintiffs allege specific intentional misconduct by federal investigative and law enforcement officers, such as fabrication of evidence and the provision of perjurious testimony leading up to the indictment of Plaintiffs Bundy and Payne, that was independent of federal prosecutorial control and direction. The Court finds that the contrary, conclusory allegations in the First Amended Complaint, which repeatedly asserted, without specifics, that federal prosecutors directed, guided, and controlled every act that led to Plaintiffs' Bundy and Payne's prosecution, amounted to inartful pleading, *i.e.*, deficiencies in jurisdictional *allegations* that could be cured by amendment, rather than deficiencies in jurisdictional *facts*. Accordingly, the Court denies the Motion to Dismiss the SAC to the extent it seeks dismissal pursuant to Federal Rule of Civil Procedure 12(b)(1).

The Court now turns to Defendant's dismissal arguments under Rule 12(b)(6). An initial pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). The court may dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). In ruling on a motion to dismiss, "[a]ll well-pleaded allegations of material fact in the complaint are accepted as true and are construed in the light most favorable to the non-moving party." Faulkner v. ADT Sec. Services, Inc., 706 F.3d 1017, 1019 (9th Cir. 2013) (citations omitted). To survive a motion to dismiss, a complaint need not contain "detailed factual allegations," but it must do more than assert "labels and conclusions" or "a formulaic recitation of the elements of a cause of action[.]" Ashcroft v. Iqbal, 556 U.S. 662,

678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). In other words, a claim will not be dismissed if it contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face," meaning that the court can reasonably infer "that the defendant is liable for the misconduct alleged." Id. at 678 (internal quotation and citation omitted). The Ninth Circuit, in elaborating on the pleading standard described in Twombly and Iqbal, has held that for a complaint to survive dismissal, the plaintiff must allege non-conclusory facts that, together with reasonable inferences from those facts, are "plausibly suggestive of a claim entitling the plaintiff to relief." Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009).

The Court finds Plaintiffs fail to state a claim for malicious prosecution under Rule 12(b)(6). To state a claim for malicious prosecution under Nevada law, a plaintiff must allege (1) that the defendant lacked probable cause to initiate the prosecution, (2) malice, (3) the prior criminal proceedings were terminated in his favor, and (4) he suffered damages. LaMantia v. Redisi, 38 P.3d 877, 879 (Nev. 2002).

First, the Court finds the SAC fails to provide affirmative allegations sufficient to overcome the presumption that the prosecution exercised independent judgment in filing criminal charges against Plaintiffs. Generally, a malicious prosecution claim requires a Plaintiff to plead affirmative allegations sufficient to overcome the presumption that the prosecution exercised independent judgment. Crain v. State of Nevada, No. 216CV00406JADPAL, 2016 WL 7422643, at *4 (D. Nev. Dec. 21, 2016), aff'd sub nom. Crain v. Nevada, 724 Fed. Appx. 591 (9th Cir. 2018) (unpublished) ("Generally, police officers 'are not liable for damages suffered by the arrested person after a district attorney files charges unless the presumption of independent judgment by the district attorney is rebutted.") (quoting Blankenhorn v. City of Orange, 485 F.3d 463, 482 (9th Cir. 2007) (internal quotation marks omitted)). This can be overcome by affirmative allegations establishing that prosecutors "commenced the criminal prosecution because of direction, request, or pressure" from law enforcement officers. M & R Inv. Co., Inc. v. Mandarino, 748 P.2d 488, 494 (Nev. 1987). "For example, the presumption does not apply when law enforcement knowingly or recklessly provided the prosecutor false information or concealed exculpatory evidence, or when the prosecutor's charging decision rested entirely on non-credible police reports." Jackson v. City of

Los Angeles, No. 24-5396, 2026 WL 352639, at *1 (9th Cir. Feb. 9, 2026) (unpublished disposition) (quoting Beck v. City of Upland, 527 F.3d 853, 862-63 (9th Cir. 2008); Awabdy v. City of Adelanto, 368 F.3d 1062, 1067 (9th Cir. 2004); Sloman v. Tadlock, 21 F.3d 1462, 1475-75 (9th Cir. 1994). The Court finds the SAC lacks any affirmative allegations sufficient to overcome the presumption of independent prosecutorial judgment at the pleading stage. While the SAC includes myriad allegations of law enforcement officers fabricating evidence or presenting allegedly false testimony to the grand jury, the SAC fails to allege that the law enforcement officers presented that false information to the prosecution or otherwise directed or pressured prosecutors to file the specific criminal charges against Plaintiffs.

Next, the Court finds the SAC fails to adequately allege the lack of probable cause element. The Nevada Supreme Court looks to California law for the objective test of want of probable cause. See Jordan v. Bailey, 944 P.2d 828, 834 (Nev. 1997). A grand jury indictment creates a rebuttable presumption of probable cause, which can be overcome by allegations of "false testimony or suppressed facts." Jordan v. State ex rel. Dept. of Motor Vehicles and Pub. Safety, 110 P.3d 30 (Nev. 2005), abrogated on other grounds by Buzz Stew, LLC v. City of N. Las Vegas, 181 P.3d 670 (Nev. 2008) (quoting Ricord v. Cent. Pac. RR. Co., 15 Nev. 167, 180 (1880); Awabdy v. City of Adelanto, 368 F.3d 1062, 1067 (9th Cir. 2004) (applying California law)); see also Awabdy, 368 F.3d at 1067 ("Among the ways that a plaintiff can rebut a *prima facie* finding of probable cause is by showing that the criminal prosecution was induced by fraud, corruption, perjury, fabricated evidence, or other wrongful conduct undertaken in bad faith."). Here, Plaintiffs Bundy and Payne were indicted twice by two grand juries. Although the SAC includes conclusory allegations that law enforcement officers knowingly presented perjurious testimony and false information to the grand juries to obtain indictments, the allegations fail to overcome the presumption of probable cause because there are no specific allegations explaining *how* the fabricated evidence or false testimony was (1) presented to the grand jury (rather than presented in post-indictment criminal proceedings) and (2) relevant to the specific elements of the crimes with which Plaintiffs Bundy and Payne were indicted.

Further, the SAC fails to plead allegations sufficient to show the prosecutions were not

supported by independent probable cause. Smith v. Almada, 640 F.3d 931, 938 (9th Cir. 2011) (rejecting claim that an officer's "false statements and failure to disclose material information to the prosecutor caused [his] malicious prosecution" because "even after correcting for the allegedly false and omitted information[,] . . . probable cause supported [the] arrest . . . [and] prosecution"). Here, the superseding indictment of Plaintiffs Bundy and Payne included a plethora of allegations of criminal wrongdoing, but the SAC fails to plead that the allegedly false information and testimony is related to those allegations. Thus, Plaintiffs fail to allege sufficient facts to establish that their indictment lacked independent probable cause, irrespective of the grand jury proceedings.  See Conrad v. U.S., 447 F.3d 760, 768 (9th Cir. 2006) ("If the court determines that there was probable cause to institute the prior action, the malicious prosecution action fails, whether or not there is evidence that the prior suit was maliciously motivated.").

The Court also finds the SAC fails to satisfy the favorable termination element. While Nevada law is silent as to what constitutes favorable termination in criminal proceedings for purposes of a malicious prosecution claim, this Court has previously found that the Nevada Supreme Court would look to California law to define "favorable termination." Manansingh v. U.S., No. 2:20-CV-01139-DWM, 2024 WL 1638638 (D. Nev. Apr. 15, 2024).[1] A claim for malicious prosecution in California "requires a termination reflecting the merits of the action and plaintiff's innocence of the misconduct." Mills v. City of Covina, 921 F.3d 1161, 1170–71 (9th Cir. 2019). "If the resolution of the underlying action leaves some doubt concerning a plaintiff's innocence or liability, it is not a favorable termination sufficient to allow a cause of action for malicious prosecution." Id. at 1171 (quoting Pattiz v. Minye, 61 Cal. App. 4th 822 (1998)). "If . . . the dismissal is on technical grounds, for procedural reasons, or for any other reason not inconsistent with his guilt, it does not constitute a favorable termination." Jaffe v. Stone, 114 P.2d 335, 338 (Cal. 1941). Plaintiffs must plead facts showing "more than a mere dismissal of the underlying action" they must allege "facts establishing [their] innocence." Fetters v. Cty. of Los

---

[1] Plaintiffs argue the Supreme Court's decision in Thompson v. Clark, 596 U.S. 36 (2022) removes the favorable termination element from their state law malicious prosecution claim, but as the Court in Manansingh noted, Thompson concerned the requirements for a malicious prosecution claim under 42 U.S.C. § 1983 and "does not alter the state law requirements for 'favorable termination.'" Manansingh, 2024 WL 1638638, at *6.

Angeles, 243 Cal. App. 4th 825, 843 (2016).

Here, as alleged in the SAC, Judge Navarro dismissed the criminal charges against Plaintiffs Bundy and Payne with prejudice based on law enforcement officers intentionally withholding extensive exculpatory evidence. However, the SAC does not allege any facts suggesting Plaintiffs Bundy and Payne were innocent or not responsible for the criminal conduct they were charged with. Accordingly, the Court finds Plaintiffs fail to satisfy the favorable termination element, and their malicious prosecution claim therefore fails on that separate ground.

The Court further dismisses Plaintiffs' loss of consortium claim as derivative of their malicious prosecution claim. Similarly, Plaintiffs' claim for Intentional Infliction of Emotional Distress (IIED) fails. To prevail on a claim of intentional infliction of emotional distress, a plaintiff must show (1) extreme and outrageous conduct with either the intention of, or reckless disregard for, causing emotional distress, (2) the plaintiff's having suffered severe or extreme emotional distress, and (3) actual or proximate causation. Posadas v. City of Reno, 851 P.2d 438, 444 (Nev. 1993). Extreme and outrageous conduct is that which is "atrocious, intolerable or outside all possible bounds of decency." Maduike v. Agency Rent-A-Car, 953 P.2d 24, 26 (Nev. 1998). Here, the severe emotional distress Plaintiffs allege they suffered was a result of their incarceration and monitoring due to their criminal prosecution. However, Plaintiffs "arrest, subsequent indictment, and pretrial detention were not extreme and outrageous" where "the prosecution was based on probable cause." Bouari v. U.S., No. 21-16762, 2023 WL 1794241, at *3 (9th Cir. Feb. 7, 2023) (unpublished). Because the SAC fails to establish the want of probable cause element for purposes of malicious prosecution, Plaintiffs IIED claim fails as well.

Finally, to the extent the SAC brings other federal and state constitutional or statutory claims against the United States, the Court finds they are barred and dismissed with prejudice, because they are not encompassed by the FTCA's limited waiver of sovereign immunity. See F.D.I.C. v. Meyer, 510 U.S. 471, 478 (1994).

Therefore, **IT IS HEREBY ORDERED** that Defendant's (ECF No. 39) Motion to Dismiss Plaintiffs' SAC is **GRANTED without prejudice.** The Court will allow Plaintiffs *one final opportunity* to amend their complaint to cure the above-described deficiencies, no later than **April**

**8, 2026**. If Plaintiffs fail to file a third amended complaint by that deadline, the Court will close this case.

      **DATED:** March 18, 2026.

                                  _____

                                  **RICHARD F. BOULWARE, II**
                                  **UNITED STATES DISTRICT JUDGE**